DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
DOROTHY F. KASLOW (SBN 287112)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile:  (415) 765-9501
dmezias@akingump.com
lbertko@akingump.com
dkaslow@akingump.com

Attorneys for Defendant
AT&T Mobility Services, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO RODRIGUEZ and ADEN KHACHADOORIAN MAMORE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES, LLC., a Delaware corporation; AT&T, a business entity of unknown form; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453<br><br>[Declarations of Donna M. Mezias, Thomas M. Koch and Marilyn Hagelberg, Certification of Interested Entities or Persons, and Civil Cover Sheet filed concurrently]<br><br>(*Alameda County Superior Court, Case No. RG16816239*)<br><br>Date Action Filed:  May 18, 2016 |

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant AT&T Mobility Services, LLC ("AT&T Mobility") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In support, AT&T Mobility states as follows:

1. On May 18, 2016, plaintiffs commenced an action against AT&T Mobility, "AT&T, a business entity of unknown form," and DOES 1 through 50, inclusive, in the Superior Court of California, County of Alameda, Case No. RG16816239.  Declaration of Donna M. Mezias ("Mezias Decl.") ¶ 2.  On July 12, 2016, the complaint was served on AT&T Mobility.  *Id.*  The complaint was also served on "AT&T, a business entity of unknown form" on July 12, 2016.[1]  *Id.*  AT&T Mobility filed its answer to the complaint on August 10, 2016.  *Id.* ¶ 4.  As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant as part of the above action are attached to the Mezias Declaration, filed concurrently in support of this Notice of Removal, as Exhibits A-C .

2. Plaintiffs Marco Rodriguez and Aden Khachadoorian Mamore are former Retail Sales Consultants ("RSCs"), which are non-exempt employees of AT&T Mobility.  Complaint ¶ 2; Declaration of Marilyn Hagelberg ("Hagelberg Decl.") ¶¶ 4-6. They allege that, due to Defendants' "common policy of requiring Employees to bid for their respective shifts, off-the-clock, for which they were never paid," Defendants failed to pay minimum and overtime wages, failed to provide accurate wage statements, and failed to timely pay all wages due at termination.  Complaint ¶¶ 23-48.  They also assert derivative claims for unfair competition and for civil penalties under the California Labor Code Private Attorneys General Act ("PAGA").  *Id.* ¶¶ 49-64.

3. Plaintiffs seek to bring this action on behalf of a class consisting of "individuals employed by Defendants, as non-exempt employees, at any time within four (4) years of filing of this

---

[1] The summons and complaint were served on AT&T Corp.'s registered agent of service, but name only "AT&T, a business entity of unknown form."  AT&T Corp. is not named in the complaint, so it is unclear what other AT&T entity plaintiffs purport to sue.

lawsuit, within the State of California." *Id.* ¶ 13.

4.  <u>Timeliness</u>.  Plaintiffs filed their complaint in Alameda County Superior Court on May 18, 2016, and served Defendant AT&T Mobility with the complaint on July 12, 2016. *See* Mezias Decl. ¶ 2, ex. A.  AT&T Mobility's Notice of Removal is therefore timely because it is being filed within 30 days after service of the complaint. *See* 28 U.S.C. § 1446(b).

5.  <u>Jurisdiction</u>.  The above-described action is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i).  These criteria are satisfied here.

6.  <u>Class Size.</u>  Plaintiffs seek to bring this action on behalf of all individuals "employed by Defendants, as non-exempt employees, at any time within four (4) years of the filing of this lawsuit, within the State of California."  Complaint ¶ 13.  Plaintiffs were both non-exempt Retails Sales Consultants, which are non-exempt employees of AT&T Mobility that engage in a shift bidding process periodically.  Complaint ¶ 24; Hagelberg Decl. ¶¶ 4-6.  Even limiting the class to RSCs, the standards for removal are readily satisfied.

7.  AT&T Mobility employed approximately 9,685 RSCs in California from May 18, 2012 through June 30, 2016.  Hagelberg Decl. ¶ 6.  The putative class thus includes more than 100 individuals.

8.  <u>Diversity of Citizenship</u>.  At all relevant times, there has been diversity of citizenship between the parties to the action.  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  Minimal

diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  A party's residence is *prima facie* evidence of her domicile.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10. The putative class includes citizens of California, including plaintiffs themselves.  The Complaint provides that "[p]laintiffs are residents of California and, during the time period relevant to this Complaint, were employed by Defendants as a [*sic*] non-exempt hourly employee within the State of California."  Complaint ¶ 2.  Thus, plaintiffs are citizens of California.  *Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal).

11. Additionally, during approximately six years of employment with AT&T Mobility, Rodriguez maintained a California residential address on file with AT&T Mobility and worked out of AT&T Mobility stores in Vacaville, Vallejo and Elk Grove, California.  Hagelberg Decl. ¶ 4.  During approximately two years of employment with AT&T Mobility, Mamore maintained a California residential address on file with AT&T Mobility and worked out of AT&T Mobility stores in Burbank and La Canada Flintridge, California.  *Id.*, ¶ 5.  Their long-term, continuous employment in California and California residential addresses conclusively establishes California citizenship.  *See Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1106 (D. Or. 2012) (residential address provided by employee to employer is *prima facie* evidence of state citizenship); *Abbott v. Utd. Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

12. Further, plaintiffs seek to represent a class consisting of thousands of current and former California employees. Complaint ¶ 13; *see* Hagelberg Decl. ¶ 6. This putative class logically includes other California citizens as well.

13. Defendant AT&T Mobility is not a citizen of California. A limited liability company is an unincorporated association for CAFA purposes, and therefore is a citizen of the state under whose laws it is organized and the state where it has its principal place of business. *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010); 28 U.S.C. § 1332(d)(10). AT&T Mobility is organized under the laws of Delaware, with its headquarters in Georgia and Texas. Complaint ¶ 1; Declaration of Thomas M. Koch Decl. ¶¶ 3-5. It is now, and was at the time this action was commenced, a citizen of the states of Georgia, Delaware, and Texas. *See id*.

14. Defendants DOES 1-50 are unidentified. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing *Bryant v. Ford Motor Co*., 794 F.2d 450, 453 (9th Cir. 1986); *Othman v. Globe Indemnity Co*., 759 F.2d 1458, 1642 (9th Cir. 1985)).

15. Accordingly, this action involves citizens of different states: plaintiffs are citizens of California (and seek to represent other California citizens) and AT&T Mobility is a citizen of Delaware, Georgia, and Texas. Thus, the CAFA minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).[2]

16. <u>Amount in Controversy</u>. AT&T Mobility avers, for purposes of this Notice only, that plaintiffs' claims place more than $5 million in controversy. In determining whether this amount is satisfied, the Court considers all requested relief, including compensatory damages, special damages, punitive damages, statutory penalties, and attorneys' fees. *Lake v. Delta Air Lines, Inc.*, No. SACV 10-

---

[2] A showing of the citizenship of "AT&T, a business entity of unknown form," or AT&T Corp. is not required here. Because CAFA requires only minimal diversity, which exists if any class member is a citizen of a state different from any Defendant, *see* 28 U.S.C. § 1332(d)(2), and because plaintiffs and other putative class members are citizens of a different state than AT&T Mobility, the citizenship of any other Defendant does not need to be addressed.

1775 DOC(Ex), 2011 WL 3102486, at *3-4 (C.D. Cal. July 22, 2011); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (court is to assume a verdict for plaintiff on all claims made in the complaint for the purposes of calculating the amount in controversy).  Removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances).  AT&T Mobility denies that plaintiffs' claims have any merit or value, but avers that if plaintiffs were to succeed on their claims, the relief plaintiffs purport to seek on behalf of the class exceeds $5 million, and therefore the amount in controversy exceeds the jurisdictional threshold for CAFA.

17.     For their Third Cause of Action, plaintiffs allege that Defendants violated section 226(a) of the California Labor Code by failing to provide accurate wage statements, and seek civil penalties under California Labor Code section 226(e).  Complaint, ¶¶ 39-43; Prayer for Relief, ¶ 5.  The alleged inaccuracies are based on plaintiffs' claims that they were forced to work off-the-clock and were deprived of overtime and regular wages.  Pursuant to section 226(e), plaintiffs may seek penalties of $50 per employee for the initial pay period in which a violation of section 226(a) allegedly occurred, and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.  *See* Cal. Lab. Code § 226.  There are approximately 4,954 individuals who worked as RSCs in California from May 18, 2015, the start of the one year limitations period for plaintiffs' wage statement claims, through June 30, 2016.  Hagelberg Decl. ¶ 7.  These RSCs worked at least 94,168 aggregate pay periods during this period.  *Id*.  Based on the total pay periods during the class period and the number of employees employed as RSCs during the period, plaintiffs' claim for section 226(e) penalties total approximately $9,169,100.[3]  Based on this claim alone, the $5 million dollar CAFA threshold is met.

---

[3] Initial penalties of $50 for each RSC would total $247,700 ($50 x 4,954) for the putative class.  The subsequent $100 penalties per pay period for the 89,214 additional pay periods (94,168 – 4,954) would total $8,921,400 ($100 x 89,214) for total penalties under section 226(e) of $9,169,100.  Because RSCs

18.     For their Fourth Cause of Action, plaintiffs claim that Defendants owe "waiting time" penalties for failing to pay all wages to employees at the end of their employment, as required by Labor Code sections 201 and 202.  Complaint ¶¶ 9, 44-48.  Under California Labor Code section 203, employees who separated from employment in the last three years and whose employer willfully denied them wages may recover penalties in the amount of their daily pay for a period of up to 30 days.  *See* Cal. Lab. Code § 203.  Plaintiffs allege that Defendants have had a "consistent policy" of failing to pay employees final wages due at the time of their termination or within 72 hours as required under sections 201 and 202 of the Labor Code.  Complaint ¶ 9.  Plaintiffs seek penalties of "up to thirty (30) days" of wages for each one of these persons.  *Id.* ¶ 48.  Therefore, under plaintiffs' theory, all putative class members whose employment ended since May 18, 2013 may be entitled to recover waiting time penalties equal to 30 days of wages.  *See*, *e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (plaintiff placed maximum penalty in controversy by alleging putative class members are entitled to penalty "up to" statutory maximum); *Schuyler v. Morton's of Chicago, Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time penalties where complaint alleges multiple wage violations that were never paid); *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13-cv-02067-LJO-JLT, 2014 WL 814652, at *9 (E.D. Cal. Feb. 28, 2014) (amount in controversy included 30-day penalty for each former employee where plaintiff alleged consistent failure to pay wages).

19.     The putative class includes 3,000 individuals who separated from employment with AT&T Mobility between September 18, 2013 and June 30, 2016.  Hegelberg Decl. ¶ 9.  These individuals earned an average hourly wage of $16.02, and were scheduled to work 40 hours a week (8 work hours per day).  *Id.*  Thus, 30 days of waiting time penalties for these individuals totals more than

---

receive paychecks every two weeks, there are a maximum of 26 pay periods in a year.  Hagelberg Decl. ¶ 8.  Thus, these penalty calculations do not exceed the maximum aggregate penalty of $4,000 per employee.

1    $11.5 million in controversy.[4]  *See Korn*, 536 F. Supp. 2d at 1205-06.  The waiting time penalties claim therefore also satisfies the amount in controversy requirement.  *See*, *e.g.*, *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under preponderance of evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

20.   Plaintiffs also seek attorneys' fees.  Complaint ¶¶ 31, 38, 43; Prayer for Relief ¶15.  These fees are part of the amount in controversy as well.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  The Ninth Circuit has established 25 percent of total potential damages as a benchmark for determining the amount of attorneys' fees in controversy for removal purposes.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorneys' fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same).  When this benchmark is applied to the various amounts in controversy set forth above, plaintiffs' demand for attorneys' fees further exceeds the $5 million amount in controversy threshold.

21.   In sum, the allegations in plaintiffs' complaint seek damages, penalties, and other relief in excess of $5 million.  Thus, the amount in controversy requirement is satisfied.

22.   <u>Venue</u>.  The United States District Court for the Northern District of California is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

---

[4] Per the allegations in the Complaint, the 3,000 RSCs in this group would receive average penalties of $3,844.80 per person ($16.02 x 8 hrs. x 30 days = $3,844.80), placing a total of more than $11.5 million in controversy (3,000 × $3,844.80= $11,534,860).

WHEREFORE, AT&T Mobility requests that the above action now pending in the Superior Court of California, County of Alameda, be removed to this Court.  In the event the Court has any reason to question whether removal is proper, AT&T Mobility requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  August 11, 2016            AKIN GUMP STRAUSS HAUER & FELD LLP

By            */S/ Donna M. Mezias*
                   Donna M. Mezias
      Attorneys for Defendant AT&T Mobility Services, LLC

---

8
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453